UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ESTHER C., | ) |
| | ) |
| Plaintiff, | ) No. 18 C 407 |
| | ) |
| v. | ) Magistrate Judge M. David Weisman |
| | ) |
| NANCY A. BERRYHILL, Deputy | ) |
| Commissioner for Operations, | ) |
| performing the duties and functions | ) |
| not reserved to the Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Esther C. brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration ("SSA's") decision denying her application for benefits. For the reasons set forth below, the Court affirms the SSA's decision.

**Background**

Plaintiff applied for disability benefits on March 17, 2014, alleging a disability onset date of February 4, 1995. (R. 83.) Her application was initially denied on June 19, 2014, and again on reconsideration on December 5, 2014. (R. 88, 95.) Plaintiff requested a hearing, which was held by an Administrative Law Judge ("ALJ") on August 31, 2016. (R. 42-82.) On December 9, 2016, the ALJ issued a decision finding plaintiff not disabled. (R. 30-37.) The Appeals Council denied review (R. 1-3), leaving the ALJ's decision as the final decision of the SSA, reviewable by this Court under 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. Under the regulations, the SSA must consider: (1) whether the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether the claimant's impairment meets or equals any listed impairment; (4) if not, whether the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) if not, whether she is unable to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and if that burden is met, the burden shifts at step five to the SSA to provide evidence that the claimant is capable of performing work existing in significant numbers in the national economy. *See* 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the application date of March 17, 2014. (R. 32.) At step two, the ALJ found that plaintiff has the severe impairment of craniosynostosis.[1] (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (R. 33.) At step four, the ALJ found that plaintiff has no past relevant work but has the residual functional capacity ("RFC") to perform light work "except she is unable to communicate on the telephone." (R. 34, 36.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 36-37.)

Plaintiff argues that the ALJ improperly failed to address her mental impairment. "[A] physical or mental impairment must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. § 416.921. Though plaintiff's school records state that she has "social-emotional concerns" (*see* R. 229, 235), there is no evidence from an acceptable medical source that establishes the existence of a mental impairment. Absent such evidence, the ALJ's failure to discuss the alleged mental impairment was not error.

Plaintiff also contends that the ALJ's credibility determination/symptom evaluation[2] is flawed because the ALJ used the "boilerplate" condemned by the Seventh Circuit. (*See* R. 36 ("[T]he undersigned finds that the claimant's medically determinable impairment could reasonably

---

[1] "Craniosynostosis . . . is a birth defect in which one or more of the fibrous joints between the bones of [a] baby's skull (cranial sutures) close prematurely (fuse), before [the] baby's brain is fully formed. Brain growth continues, giving the head a misshapen appearance." https://www.mayoclinic.org/diseases-conditions/craniosynostosis/symptoms-causes/syc-20354513 (last visited Mar. 19, 2019).

[2] The SSA has issued new guidance for evaluating symptoms in disability claims, which supersedes SSR 96-7p and "eliminat[es] the use of the term 'credibility'" to "clarify that subjective symptom evaluation is not an examination of an individual's character." *See* SSR 16-3p, 2017 WL 5180304, at *1 (Oct. 25, 2017). However, the factors to be considered in evaluating symptoms under either SSR 96-7p or SSR 16-3p are the same. *Compare* SSR 96-7p, 1996 WL 374186 (July 2, 1996), at *3, *with* SSR 16-3p, 2017 WL 5180304, at *7-8 (Oct. 25, 2017).

3

be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.")); *see also Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010) (characterizing this language as "meaningless boilerplate"). However, use of boilerplate language is not fatal if it is accompanied by "a detailed explanation of the evidence and [the ALJ's] reasoning about credibility," *Pierce v. Colvin*, 739 F.3d 1046, 1050 (7th Cir. 2014), including consideration of:

> 1. The [individual's] [d]aily activities; 2. The location, duration, frequency, and intensity of [the individual's] pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, [the] individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms . . . ; and 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3p, 2017 WL 5180304, at *7-8 (Oct. 25, 2017); *see* SSR 96-7p, 1996 WL 374186 (July 2, 1996), at *3 (same). "So long as an ALJ gives specific reasons supported by the record, [the Court] will not overturn his credibility determination unless it is patently wrong." *Curvin v. Colvin*, 778 F.3d 645, 651 (7th Cir. 2015).

The symptoms plaintiff said prevented her from working are difficulty communicating, difficulty breathing when she gets a cold or lifts more than twenty pounds, back pain, and frequent, severe headaches. (R. 50-51, 53-57.) The ALJ credited plaintiff's first two allegations and accommodated them by limiting plaintiff's RFC to light work, *i.e.*, that which does not involve lifting more than twenty pounds, *see* 20 C.F.R § 416.967(b), and work that does not require telephone communication. (R. 34.) The ALJ rejected the back-pain allegation because MRIs showed only minor degenerative disc disease and only in plaintiff's cervical spine and the medical

4

expert "opined that [plaintiff] was without any corroborating signs, symptoms, neurological abnormalities, or signs of cervical radiculopathy to support abnormality in her cervical spine." (R. 33; *see* R. 64-65, 355, 552-56, 570-73.) The ALJ rejected the headache allegation because the medical expert said it was not supported by plaintiff's medical records and plaintiff said she only used over-the-counter medication as treatment. (R. 55, 76.) Moreover, despite her claims of frequent, disabling pain (R. 54-56), the ALJ noted that, in the relevant period, plaintiff was able to perform various temporary jobs. (R. 32, 34-35, 48.) Because all these findings are supported by the record, the Court has no reason to disturb the ALJ's credibility determination/symptom evaluation. *Curvin*, 778 F.3d at 651.

## Conclusion

For the reasons set forth above, the Court grants the SSA's motion for summary judgment [25], affirms the SSA's decision, and terminates this case.

**SO ORDERED.**                                  **ENTERED:   March 19, 2019**

**M. David Weisman**
**United States Magistrate Judge**